UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUSAN MILTON,

          Plaintiff,

   v.

XEROX CORPORATION,

          Defendant.

CASE NO. C15-5618 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT WITHOUT PREJUDICE

This matter comes before the Court on Plaintiff Susan Milton's ("Milton") motion for leave to amend complaint (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On August 6, 2015, Milton filed suit against Defendant Xerox Corporation ("Xerox") in Thurston County Superior Court. Dkt. 1-2 at 4. Milton alleges that her car was struck from behind by a Xerox van on December 6, 2013. *Id.* at 5. Milton further asserts that the van was driven by a Xerox employee, who admitted fault for causing the collision. *Id.* Although Milton has requested a copy of the police report and propounded an interrogatory on Xerox, Milton still does not know the driver's identity. Dkt. 9 at 1–2.

ORDER - 1

1    On August 31, 2015, Xerox removed the suit to this Court on the basis of diversity
2 jurisdiction. Dkt. 1. According to Xerox's notice of removal, Milton is a citizen of
3 Washington and Xerox is a citizen of New York and Connecticut. *Id.* at 2.
4    On September 28, 2015, Milton moved for leave to amend her complaint. Dkt. 9.
5 On October 9, 2015, Xerox responded. Dkt. 10. On October 15, 2015, Milton replied.
6 Dkt. 12.

## II. DISCUSSION

8    Milton requests leave to add "Jane Doe, the driver of the van" as a defendant.
9 Dkt. 9. In her proposed amended complaint, Milton alleges that Jane Doe is believed to
10 be a resident of Washington State. Dkt. 9-2 at 1. Xerox opposes the motion, arguing that
11 Milton seeks to destroy diversity jurisdiction by adding Jane Doe as a defendant. Dkt.
12 10.
13    At this stage in the litigation, the Court finds that Milton's motion is premature.
14 Generally, the use of John or Jane Doe to identify a defendant is not favored in federal
15 court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although Milton has
16 taken some steps to identify the driver of the Xerox van, the driver's identity could be
17 easily ascertained through further discovery. Indeed, the federal rules provide for liberal
18 discovery. *See Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Under Rule 26,
19 a party "may obtain discovery regarding any nonprivileged matter that is relevant to any
20 party's claim or defense." Fed. R. Civ. P. 26(b)(1). Information is "relevant" if it is
21 "reasonably calculated to lead to the discovery of admissible evidence." *Id.* If Xerox
22 resists discovery of the driver's identity, Milton may bring a motion to compel. Xerox

will bear a "heavy burden" of demonstrating why such discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Upon learning of the driver's identity, Milton may seek leave to add the driver as a named defendant. If the driver's joinder would destroy subject matter jurisdiction, the Court will then determine whether joinder should be denied under 28 U.S.C. § 1447(e). *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The Court recognizes that the addition of the driver as a defendant could be a tactic to defeat diversity jurisdiction. At this time, however, the driver's identity and citizenship is unknown. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

For these reasons, the Court denies Milton's motion for leave to amend her complaint. This denial is without prejudice, as Milton may seek leave to add the driver as a defendant after the driver's identity has been ascertained through further discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that Milton's motion for leave to amend complaint (Dkt. 9) is **DENIED without prejudice**.

Dated this 17th day of November, 2015.

BENJAMIN H. SETTLE
United States District Judge