UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUSAN MILTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>XEROX CORPORATION,<br><br>　　　　　Defendant. | CASE NO. C15-5618 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND TO REMAND |

This matter comes before the Court on Plaintiff Susan Milton's ("Milton") motion for leave to amend complaint and remand (Dkt. 14).  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On August 6, 2015, Milton sued Defendant Xerox Corporation ("Xerox") in Thurston County Superior Court.  Dkt. 1-2 at 4.  Milton alleges a Xerox van struck her car from behind on December 6, 2013.  *Id.* at 5.  Milton further asserts a Xerox employee drove this van and admitted fault for causing the collision.  *Id.*  Milton alleges the collision proximately caused her to sustain damages to her car, healthcare expenses, pain and suffering, and loss of enjoyment of life.  Dkt. 17-2 at 2.

ORDER - 1

1  Before Milton filed her original complaint, Milton attempted to learn the Xerox

2  employee's identity. Dkt. 9 at 1–2; Dkt. 14 at 7–8; Dkt. 22 at 1. Although Milton

3  requested a copy of the police report and the Xerox employee's information from

4  Xerox's claims handler, Milton was unable to learn the employee's identity. Dkt. 22 at 1.

5  Milton filed her original complaint without naming the Xerox employee as an unknown

6  defendant. Dkt. 1-2 at 4. Milton asserts that she planned to join the Xerox employee as a

7  defendant after she learned the employee's identity through discovery. Dkt. 14 at 8.

8  On August 31, 2015, Xerox removed the suit to this Court based on diversity

9  jurisdiction. Dkt. 1. According to Xerox's removal notice, Milton is a Washington

10  citizen and Xerox is a New York and Connecticut citizen. *Id.* at 2.

11  On September 9, 2015, Xerox answered the complaint and asserted numerous

12  affirmative defenses, including the defenses that Milton's injuries were caused by "acts

13  or omissions beyond [Xerox's] direction, supervision or control . . . ." Dkt. 4 ¶ 9.

14  On September 14, 2015, Milton propounded an interrogatory on Xerox requesting

15  the Xerox employee's identity. Dkt. 11-1. Despite Milton's interrogatory, Xerox refused

16  to identify the employee. Dkt. 14 at 2.

17  On September 28, 2015, Milton moved to amend her complaint to join "Jane

18  Doe," the Xerox employee, as a defendant (Dkt. 9), which the Court denied (Dkt. 13).

19  After the Court's denial, Milton learned that Deborah Gidlof ("Gidlof") was the Xerox

20  employee who allegedly caused the collision. Dkt. 14 at 3. Milton asserts she learned

21  this information through the adjustor of her insurance claim. *Id.*

22

On December 10, 2015, Milton moved for leave to amend her complaint to join Gidlof as a defendant and for remand to state court. *Id.* at 1.[1] Milton's proposed amended complaint alleges Gidlof resides in Washington. Dkt. 17-2 at 1. Milton's motion alleges Gidlof is a Washington citizen. Dkt. 14 at 3. Milton learned through her insurance adjustor that Gidlof's address is in Washington. Dkt. 22 at 3. In addition, Milton alleges Gidlof is married, and Gidlof resides and works in Washington. Dkt. 14 at 3. Milton learned this information through Gidlof's social media page. *Id.*

On December 23, 2015, Xerox offered to stipulate that on December 6, 2013, Xerox employed Gidlof who "drove a Xerox vehicle . . . in the course and scope of her" employment. Dkt. 20-1 at 3. Milton declined Xerox's offer, stating that "all witnesses are in Thurston County, and . . . it would be a hardship" to commute to this Court. Dkt. 20-2 at 2. In the alternative, Xerox asserts it will withdraw its affirmative defenses. Dkt. 19 at 4.

On January 4, 2016, Xerox responded to Milton's motion and requested its reasonable attorneys' fees and costs if the Court remands the suit to state court. Dkt. 19 at 12. On January 7, 2016, Milton replied. Dkt. 22.

---

[1] Xerox argues that the request for remand is untimely under 28 U.S.C. § 1447(c) because Milton did not file it within thirty days of removal. Dkt. 19 at 2 n.1. The statute, however, provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days" after removal. 28 U.S.C. § 1447(c). Milton's motion involves a defect in subject matter jurisdiction. Xerox's argument is without merit and arguably is a misrepresentation of law.

## II. DISCUSSION

**A.     Gidlof's Citizenship**

In order to determine which standard to apply to deny or permit Gidlof's joinder, the Court must first determine if Gidlof's joinder will destroy complete diversity. If diversity jurisdiction is not an issue, the Court must evaluate the proposed amendment under Federal Rule of Civil Procedure 15. On the other hand, if the post-removal proposed amendment involves joinder of a non-diverse party that would destroy subject matter jurisdiction, the Court considers factors developed under 28 U.S.C. § 1447(e). *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). Thus, the Court must first determine if Gidlof is a non-diverse party.

District courts have diversity jurisdiction when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity between the parties . . . ." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). A party's residence is insufficient to establish that party's citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 854, 857 (9th Cir. 2001). When the plaintiff's complaint alone insufficiently establishes a party's citizenship, the Court may look at the entire record to determine if the Court has diversity jurisdiction. *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904).

In this case, Milton's proposed amended complaint alleges Gidlof resides in Washington. Dkt. 17-2 at 1. Xerox correctly argues this allegation is insufficient to establish citizenship. Dkt. 19 at 3; *Kanter*, 265 F.3d at 857. Thus, the Court may look at

the entire record to determine whether it has diversity jurisdiction. *Sun Printing*, 194 U.S. at 382. Milton's motion alleges Gidlof is a Washington citizen. Dkt. 14 at 3. In addition, Milton has submitted evidence to show that Gidlof is married and Gidlof resides and works in Washington. Dkt. 18 at 1–2, 4. Xerox failed to either dispute this evidence or submit contrary evidence. Therefore, the Court concludes that Milton has established that Gidlof is a citizen of Washington, Gidlof is a non-diverse party, joinder of Gidlof will destroy complete diversity, and the proper standard to consider joining Gidlof is § 1447(e).

**B.     Joinder**

Under § 1447(e), courts may "deny joinder, or permit joinder and remand the action to the State court." Joinder under § 1447(e) is subject to the Court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In exercising this discretion, courts generally consider the following factors:

> 1. Whether the party sought to be joined is needed for just adjudication and   would be joined under Federal Rule of Civil Procedure 19(a);
> 2. Whether the statute of limitations would preclude an original action against the new defendants in state court;
> 3. Whether there has been unexplained delay in requesting joinder;
> 4. Whether joinder is intended solely to defeat federal jurisdiction;
> 5. Whether the claims against the new defendant appear valid; and
> 6. Whether denial of joinder will prejudice the plaintiff.[2]

---

[2] Both parties argue the issue of fraudulent joinder. Dkt. 14 at 8–9; Dkt. 19 at 12–13. Although other circuits have explicitly held that the doctrine of fraudulent joinder is inapplicable to proposed amendments after a suit has been removed, *see, e.g.*, *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009), the Court is unaware of any binding Ninth Circuit authority directly addressing this issue. At most, some district courts within this circuit have considered the issue of fraudulent joinder to be subsumed within the intent factor of a § 1447(e) analysis.

*See IBC Aviation Servs., Inc. v. Campania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

### 1. Just Adjudication and Rule 19(a)

Rule 19(a) requires joinder of necessary parties. Fed. R. Civ. P. 19(a). A party is necessary if that party's absence would (1) preclude the grant of complete relief, (2) "impair or impede the [party's] ability to protect the interest," or (3) subject an existing party to a "substantial risk of . . . inconsistent obligations . . . ." *Id.* While courts consider Rule 19(a)'s standard for a necessary party, joinder "under § 1447(e) is a less restrictive standard than for joinder under [Rule 19(a)]." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011–12. Courts deny joinder of a defendant that would destroy complete diversity when the defendant is "only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

First, Gidlof is more than tangentially related to Milton's suit because Milton alleges Gidlof directly caused the collision that injured Milton. Dkt. 17-2 at 2.

Second, denying Gidlof's joinder may prevent complete relief because Milton may recover from Gidlof even if Xerox is found not liable. Although Xerox asserts its willingness to withdraw its affirmative defenses, the operative answer asserts these defenses and Xerox has not filed a motion to amend. In addition, while Xerox has offered to stipulate Gidlof acted within the scope of Xerox's employment, Xerox has not

---

*See, e.g.*, *Taylor v. Honeywell Corp.*, No. C09-4947SBA, 2010 WL 1881459, at *2 (N.D. Cal. May 10, 2010). The Court concludes that the issue of fraudulent joinder is not directly applicable to the facts of this post-removal case and, therefore, both parties' arguments on this issue are moot.

ORDER - 6

offered to stipulate the same at the *time of the alleged collision*. *See* Dkt. 20-1 at 3. As a corollary to Xerox's own admission, Gidlof's joinder may increase or change Milton's right of recovery. Therefore, denying joinder of Gidlof may prevent complete relief for Milton, Gidlof is needed for just adjudication, and Gidlof would be joined under Rule 19(a). The Court concludes that this factor weighs in favor of permitting joinder.

**2.     Statute of Limitations**

RCW 4.16.080(2) requires a party to bring a negligence claim within three years of the party's injury.

Milton alleges she sustained injures on December 6, 2013. Dkt. 1-2 at 5. Milton has until December 6, 2016 to file suit against Gidlof. Thus, the statute of limitations would not preclude Milton from filing suit against Gidlof in Washington, which favors denying joinder.

**3.     Unexplained Delay**

Neither party disputes that Milton moved to amend her complaint in a timely manner. *See* Dkt. 14 at 7–8; Dkt. 19 at 8. Although Milton could have named Gidlof as an unknown defendant at the time she filed her original complaint, Milton asserts that she planned to join Gidlof as a defendant after she learned Gidlof's identity through discovery. Dkt. 14 at 8. Before Milton conducted discovery, Xerox removed the suit to this Court. Dkt. 1. There has been no unexplained delay by Milton in requesting Gidlof's joinder, which favors permitting joinder.

### 4.      Intent

A court "should look with particular care" at the plaintiff's intent in removal cases, when a defendant's joinder will destroy complete diversity "and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Xerox argues that Milton's sole purpose of adding Gidlof is to defeat complete diversity and litigate in state court. Dkt. 19 at 9–11. Even if true, this is not an improper motive. *See*, *e.g.*, *Taylor*, 2010 WL 1881459, at *3 ("Although plaintiffs also may have a preference for state court, such a preference cannot be construed negatively any more than [defendant's] preference for federal court."). Thus, Xerox has failed to show any improper intent and this factor favors permitting joinder.

### 5.      Validity of Claims

To state a claim for negligence, a plaintiff must show (1) defendant had a duty to plaintiff, (2) breach of that duty, (3) resulting injury, and (4) proximate causation. *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 618 (2009). In Washington, "an employee who tortiously causes injury to a third person may be held personally liable to that person regardless of whether he or she committed the tort while acting within the scope of employment." *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 400 (2010) (citation omitted). The employer's liability is also not mutually exclusive of the employee's liability; each is "jointly and severally liable for all damages suffered by a plaintiff who has been injured as a result of the [employee's] negligence."

*Finney v. Farmers Ins. Co.*, 92 Wn.2d 748, 754 (1979), *modified on other grounds by Glover for Cobb v. Tacoma Gen. Hosp.*, 98 Wn.2d 708 (1983).

Milton has asserted sufficient allegations to show (1) Gidlof had a duty not to harm other drivers, (2) Gidlof breached that duty by causing the collision, (3) Milton suffered damages, and (4) Milton's damages were proximately caused by Gidlof. Moreover, Gidlof may be held personally liable for her alleged negligence regardless if Xerox is found liable. Milton has stated a valid claim against Gidlof, which favors permitting joinder.

### 6. Prejudice

Although Milton may file suit against Gidlof if Xerox is found not liable, Milton would be required to litigate similar questions of law and fact common to Gidlof and Xerox. Milton's claims against Gidlof arise from the same vehicle collision that allegedly caused injury to Milton. Dkt. 17-2 at 2. In addition, both parties agree this case is in the early stages: no depositions have been taken and there has been little to no discovery. *See* Dkt. 14 at 7; Dkt. 19 at 3. Further, Milton would possibly be required to litigate two related cases in two different courts. Denying Gidlof's joinder will therefore prejudice Milton, which weighs in favor of permitting joinder.

### 7. Joinder Summary

In summary, after considering the relevant factors, the Court concludes that joinder of Gidlof is appropriate. Therefore, the Court grants Milton's motion to amend.

## C. Remand

Milton argues that, if the Court grants the motion to amend, the Court should remand the case back to state court. Dkt. 22 at 6. The Court agrees, because Gidlof destroys the diversity of the parties. Therefore, the Court remands this action to Thurston County Superior Court for lack of jurisdiction.

## D. Fees and Costs

Xerox requests its reasonable attorneys' fees and costs if the Court remands the suit to state court. Dkt. 19 at 12. As support, Xerox cites *Duarte v. Donnelley*, 266 F. Supp. 380, 384 (D. Haw. 1967). Dkt. 19 at 12. In *Duarte*, the court held the plaintiffs responsible for defendant's costs incurred in removal and remand proceedings because the "plaintiffs' attorney should have known" that each plaintiff reasonably expected to sustain a judgment less than the jurisdictional amount. 266 F. Supp. at 384. The court emphasized that if the "plaintiffs . . . wished to avoid all possibility of removal, then during the period of settlement discussions . . . , [the] plaintiffs could have amended" the original complaint to lower the expected judgment for each plaintiff to less than the jurisdictional amount. *Id.*

In Xerox's request for fees and costs, it does not argue how Milton could have avoided all possibility of removal. At most, Milton could have included an unknown Jane Doe defendant in the original complaint, but this would have unlikely prevented removal. Thus, the Court denies Xerox's request for fees and costs.

## III. ORDER

Therefore, it is hereby **ORDERED** that Milton's motion for leave to amend complaint and to remand (Dkt. 14) is **GRANTED**. The Clerk is directed to **REMAND** this case to Thurston County Superior Court.

Dated this 18th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge